Case 2:21-cv-00037   Document 10   Filed on 04/14/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| QUIRINO TORRES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-37 |
| § | |
| ALDENE SOUTHMAYD III, *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION
### TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Plaintiff Quirino Torres, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated deliberate indifference claims against **Sheriff Aldene Southmayd, III and Jail Administrator Michael Paige** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service on these defendants.

For the reasons set forth below, the undersigned further recommends that: (1) Plaintiff's claim against the Bee County Jail be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) Plaintiff's claims against **Defendants Southmayd and Paige** in their official capacities be **DISMISSED with prejudice**.

I.     **JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

II.     **PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is confined at the Bee County Jail in Beeville, Texas as a pretrial detainee and in connection with a parole revocation proceeding. With respect to his current confinement, Plaintiff sues the Bee County Jail as well as two jail officials, Bee County Sheriff Southmayd and Jail Administrator Paige.

Plaintiff raises claims concerning the conditions of his confinement at the Bee County Jail during the historic winter conditions and freeze in mid-February 2021. Plaintiff alleges water was cut off for several days during which period minimal water was provided to him. He further alleges he was required to urinate and/or defecate in a mop bucket. Plaintiff seeks monetary and injunctive relief.

At the Court's request, Plaintiff supplemented the complaint with a More Definite Statement of his claims. (D.E. 8). Plaintiff alleges the following in his More Definite Statement.

At all relevant times, Plaintiff was confined at the Bee County Jail as a pretrial detainee and on a parole violation. From approximately February 15, 2021 through February 25, 2021, the Bee County Jail was under a boil advisory. As a result of the winter storm and record cold temperatures experienced during the second week of February 2021, a pipeline burst near the Bee County Jail causing low water pressure.

On the first day without water, Plaintiff's toilet filled up with urine and feces. A mop bucket was brought in and filled after attempts were made to clean with residual pipe water. Plaintiff alleges that hot water in the amount of one cup only was passed out at 9:00 p.m. at night on the first two days of the boil water advisory. No bottled water was provided to the inmates. Empty mop buckets were provided along with two trash bags per day. Plaintiff and the five other inmates "in the tank at that time" received instructions to use the mop bucket to relieve themselves.

On the third and fourth days of the boil water advisory, inmates were provided with one bottle of water. From the fifth day until the boil water notice was lifted on February 25, 2021, two bottles of water were provided to each inmate. Inmates, including Plaintiff, were forced to use the mop bucket as a toilet, and no cleaning supplies were provided. Bags containing feces were picked up daily. Plaintiff alleges that he experienced one twelve-hour period where he received meals along with punch that tasted strange and bitter. Despite having minimal access to bottled water and toilets over a ten-day period, prison staff and trustees had constant access to bottled water as well as portable toilets.

As a result of the conditions experienced from February 15, 2021 through February 25, 2021, Plaintiff suffered from mild dehydration, dysentery, lung inflammation, and a strange rash. Plaintiff also experienced emotional trauma due to feeling degraded as a human. Plaintiff still experiences lung irritation. Plaintiff requested cream from the medical department but is reluctant to make more requests due to cost.

Plaintiff sues Sheriff Southmayd because it his responsibility to ensure that an emergency protocol exists. Plaintiff alleges Sheriff Southmayd failed to ensure that inmate's

needs and rights were being met by supplying inmates with drinking water and sanitary conditions. Plaintiff alleges Jail Administrator Paige also failed to supply drinking water or provide sanitary conditions. Plaintiff feels that the Bee County Jail should be the entity held responsible as well.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the

claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Bee County Jail

Plaintiff names the Bee County Jail as a defendant. The jail, however, is not an entity capable of being sued. *Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4 (S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir.

1991)). Accordingly, to the extent Plaintiff seeks to sue the Bee County Jail, the undersigned recommends that his claims against this entity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B. Official Capacity Claims

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Sheriff Southmayd and Jail Administrator Paige in their official capacities, it is effectively a suit against the officials' office, Bee County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute Bee County on behalf of Defendants Southmayd and Paige in their official capacities, Plaintiff would not be able to state a § 1983 claim against Bee County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants Southmayd and Paige in their official capacities be dismissed with prejudice.

### C. Deliberate Indifference to Health and Safety

Plaintiff states that he is incarcerated at the Bee County Jail both as a pretrial detainee and "on parole." (D.E. 8, p. 1). Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement. *See Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). The duty to protect pretrial detainees from harm under the Due Process Clause is the same as the one afforded to convicted prisoners under the Eighth Amendment. *See Hare*, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including protection from harm, during their confinement.").

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)). Prison officials are required to must provide humane conditions of confinement and ensure that inmates receive adequate food, water, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825,

832 (1994); *Flores v. TDCJ Transitorial Planning Dept.*, No. 2:14-CV-283, 2015 WL 10436114, at *2 (S.D. Tex. Nov. 17, 2015).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In accessing prisoner allegations of unconstitutional conditions of confinement, the Supreme Court has noted that some complained-of conditions amount to no more than "a de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright,* 430 U.S. 651, 674 (1977). The Supreme Court has further explained that it is necessary to consider the duration of the plaintiff's exposure to the complained-of condition. *See Hutto v. Finney,* 437 U.S. 678, 686–87 (1978).

However, there is no exact time calculation, and with certain conditions, or combinations of conditions, the short duration of the exposure does not eliminate the violation. *See, e.g., McBride v. Deer,* 240 F.3d 1287, 1291–92 (10th Cir. 2001) (finding an Eighth

Amendment violation where a prisoner was forced to live in a feces-covered cell for three days); *LaReau v. MacDougall,* 473 F.2d 974, 978 (2d Cir. 1972) (prisoner's Eighth Amendment rights were violated where he was forced to "live, eat, and perhaps sleep in close confines with his own human waste" for five days). In addition, potable water is a basic human need and must be provided to inmates. *Simmons v. Hooper*, No. 1:18-CV-0069 (2021 WL 861716, at *9 (N.D. Tex. Jan. 13, 2021).

Plaintiff's allegations reflect that, over a ten-day period around the time of an historic winter freeze, he was provided with minimal drinking water and was required to urinate and/or defecate in a mop bucket. Plaintiff alleges: (1) these onerous conditions were forced on him even though staff and trustees at the Bee County Jail had regular access to both bottled water and portable toilets; and (2) as a result of the conditions experienced during this ten-day period, Plaintiff suffered from mild dehydration, dysentery, lung inflammation, a strange rash, and emotional distress. Lastly, Plaintiff's allegations identify both Sheriff Southmayd and Jail Administrator Paige as personally responsible for failing to supply drinking water and sanitary living conditions during the winter freeze period.

Plaintiff's allegations, accepted as true, indicate that: (1) the actions of Defendants Southmayd and Paige exposed Plaintiff to a substantial risk of serious harm; and (2) these defendants were aware of the serious risk of substantial harm but chose to ignore it by failing to take appropriate action to alleviate such risk for Plaintiff. Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claims against Defendants Southmayd and Paige with regard to the drinking water and sanitary conditions be retained against them in their individual capacities.

## V. RECOMMENDATION

For the reasons stated above and for purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state deliberate indifference claims against **Sheriff Southmayd and Jail Administrator Paige** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED**. The undersigned will order service as to these defendants by separate order.

For the foregoing reasons, the undersigned further recommends that: (1) Plaintiff's claim against the Bee County Jail be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) Plaintiff's claims against **Defendants Southmayd and Paige** in their official capacities be **DISMISSED with prejudice**.

Respectfully submitted this 14th day of April 2021.

                                        Jason B. Libby
                              United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).