United States District Court
Southern District of Texas
**ENTERED**
December 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| QUIRINO TORRES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00037 |
| § | |
| ALDENE SOUTHMAYD, III, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS

Plaintiff Quirino Torres, an inmate in the Bee County Jail, is proceeding *pro se* and *in forma pauperis* in this inmate civil rights action. Pending are Defendants' Motion to Dismiss (D.E. 24) and Plaintiff's Motion to Quash the Motion to Dismiss (D.E. 26). The undersigned has construed Defendants' Motion to Dismiss as a Motion For Summary Judgment and has given the parties an opportunity to present all material that is pertinent to the motion in accordance with Rule 12(d) of the Federal Rules of Civil Procedure. (D.E. 32).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the Court **DENY** Defendants' Motion to Dismiss (D.E. 26), treated as a motion for summary judgment, because Defendants have not shown by sufficient evidence that Plaintiff failed to exhaust his administrative remedies. The undersigned further **RECOMMENDS** the Court **DENY as moot** Plaintiff's Motion to Quash.

## I.   JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND

Plaintiff is an inmate at the Bee County Jail in Beeville, Texas. He is currently incarcerated pursuant to parole revocation proceedings and pending criminal charges. (D.E. 8). Plaintiff raises claims concerning the conditions of his confinement at the Bee County Jail during the historic winter conditions and freeze in mid-February 2021. Plaintiff alleges the source of water to the jail was cut off for several days during which period minimal drinking water was provided to him. He further alleges he was required to urinate and/or defecate in a mop bucket. Plaintiff seeks monetary and injunctive relief.

The Court received and filed Plaintiff's Original Complaint (D.E. 1) on March 8, 2021 and granted Plaintiff's application to proceed *in forma pauperis* on March 9, 2021. (D.E. 6). Plaintiff named Sheriff Aldene Southmayd III, Jail Administrator Michael Paige[1], and the Bee County Jail as Defendants. On March 10, 2021, the undersigned ordered Plaintiff to file a more definite statement. (D.E. 7). Plaintiff complied and the Court received Plaintiff's More Definite Statement on March 24, 2021. (D.E. 8).

On April 14, 2021, the undersigned entered a screening Memorandum and Recommendation ("M&R"). (D.E. 10). As set forth in the M&R, the undersigned

---

[1] The correct spelling is Page. (D.E. 33).

recommended that Plaintiff has stated deliberate indifference claims against Defendants Southmayd and Page in their individual capacities. The undersigned further recommended Plaintiff's claim against the Bee County Jail and Plaintiff's claims against Defendants Southmayd and Page in their official capacities be dismissed with prejudice.[2]

The undersigned ordered service, and on June 29, 2021, Defendants Page and Southmayd filed an Answer and the instant motion to dismiss.  (D.E. 24, D.E. 25). Defendants argue in their motion to dismiss that Plaintiff failed to exhaust his administrative remedies before filing the instant federal action.  The Court received Plaintiff's Motion to Quash Dismissal (D.E. 26) on July 13, 2021.   Defendants filed a response to Plaintiff's Motion to Quash Dismissal on July 30, 2021.  (D.E. 27).  Plaintiff filed a Response to Defendants' Response on August 16, 2021. (D.E. 28).

On October 7, 2021, the undersigned entered an order notifying the parties that Defendants' motion to dismiss raises disputed fact issues outside of the pleadings.  (D.E. 32).  The parties were further notified pursuant to Rule 12(d) of the Federal Rules of Civil Procedure the undersigned intends to treat Defendants' motion to dismiss as one for summary judgment under Rule 56.  The parties were further given an opportunity to submit any additional evidence they believe is appropriate. (D.E. 32).  Plaintiff and Defendants submitted additional evidence relevant to the issue of exhaustion and Defendants' Motion to Dismiss.  (D.E. 33, D.E. 34).  On December 2, 2021, the undersigned entered an order setting deadlines, including deadlines for completion of discovery and dispositive motions.

---

[2] United States District Judge David S. Morales adopted the M&R by written order on September 7, 2021. (D.E. 29).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.* Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

Because exhaustion is an affirmative defense, the burden is on Defendants as the moving party to demonstrate that Plaintiff failed to exhaust administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) citing *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Id.* In this circuit,

trial judges should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. *Id.* at 270-272.

## IV.     DISCUSSION

### A.     The Requirement of Exhaustion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215 (2006).

When an institutional grievance procedure provides for two steps, a grievance and an appeal, the Fifth Circuit has found that both steps must be completed in order to file suit in federal court. *Johnson v. Johnson*, 385 F.3d 503, 515-516 (5th Cir. 2004) ("[A] prisoner

must pursue a grievance through both steps for it to be considered exhausted."). *See also Dillion,* 596 F.3d at 268. ("under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly.").

In *Johnson*, the Fifth Circuit discussed how much detail is required in a grievance for purposes of effectively exhausting administrative remedies. The Fifth Circuit noted that one of the purposes of the exhaustion requirement is to give officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 517 (citations omitted). A grievance "should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id.*

B. **The Bee County Jail Exhaustion Procedures**

The Bee County Jail inmate handbook contains the procedures for inmates to raise grievances. (D.E. 33). The grievance procedures set forth in the inmate handbook are as follows:

> **INMATE GRIEVANCE PROCESS**
> Grievance – a wrong, considered as grounds believed to cause distress/resentment as against an unjust or unfair act; abuse, harassment, abridgment of civil rights or denied privileges without just cause.
> In order to file a grievance: you must send a written statement directly to the jail Sgt/Lt/Commander in a sealed envelope stating the time, date, names of persons or staff members involved as well as all important details of the incident including names of witnesses. All grievances will be promptly and thoroughly investigated. Action will be taken and a reply issued to the inmate. You have the right to appeal the decision to the inmates' grievance board. Appeals must be submitted in writing

to the jail administrator. The final appeal will be given to the Sheriff, that decision will be final.

(D.E. 33-1, Page 11).

The parties do not dispute that this is the procedure. However, Plaintiff maintains he did not receive a copy of the inmate handbook but he also states that this does not mean he failed to exhaust, only that the Defendants and the Bee County Jail are negligent and are poor record keepers. (D.E. 26, Page 7). Defendants submitted, as an attachment to the affidavit of Jail Administrator Michael Page, a receipt signed and dated by Plaintiff on September 9, 2018 indicating Plaintiff received a copy of the inmate handbook. (D.E. 33-2). Mr. Page acknowledges that the Bee County Jail has been unable to find a copy of the receipt for his incarceration beginning on January 7, 2021. Mr. Page further avers that the policy has remained the same during this time. Mr. Page explains in his affidavit that the grievance procedures were also available on the electronic system for filing grievances which is available to inmates either by a tablet or the wall kiosk machine. "An inmate has 24/7 access to the system through the wall kiosk." (D.E. 33, Page 2). Additionally, the electronic system "provides an option for the inmate to appeal the outcome of any resolution of a grievance if the inmate so chooses." (D.E. 33, Page 2). Finally, Plaintiff used and was familiar with the system for filing electronic grievances. (D.E. 34, 34-1).

The undersigned has considered the evidence submitted by the parties and **FINDS** the evidence establishes beyond peradventure that the Bee County Jail inmate handbook sets forth the applicable procedures for Plaintiff to raise grievances and exhaust his administrative remedies. (D.E. 33). The undersigned further **FINDS** that inmates at the

Bee County Jail may submit grievances and grievance appeals electronically by use of tablets and a kiosk made available to the inmates.

The contested issue presented in Defendants' Motion to Dismiss is whether Plaintiff exhausted his administrative remedies by filing an appeal of the applicable grievances. Plaintiff maintains he did. Defendants maintain Plaintiff did not. The evidence on this issue is set forth below:

### C. Defendants' Summary Judgment Evidence

1. Affidavit of Freddie Bullock, dated 29 June 2021 (D.E. 24-1);

2. Affidavit of Michael Page, dated 29 June 2021 (D.E. 24-2);

3. Affidavit of Michael Page, dated 28 October 2021 (D.E. 33);

4. Provisions of the Bee County Jail Inmate Handbook regarding inmate grievance procedures (D.E. 33-1);

5. Acknowledgment of Plaintiff he received a copy of the Bee County Jail Inmate Handbook on January 9, 2021 (D.E. 33-2);

6. Plaintiff's grievance submitted 2021-02-21 08:44:52 (D.E. 33-3, Pages 1-2);

7. Plaintiff's grievance submitted 2021-02-22 14:43:00 (D.E. 33-3, Page 3).

8. Plaintiff's grievance submitted 2021-02-23 10:53:57 (D.E. 33-3, Pages 4-5).

Lieutenant Freddie Bullock is a supervisor and member of the Bee County Jail Inmate Grievance Board. (D.E. 24-1). Lt. Bullock is responsible for investigating inmate grievances and is familiar with the grievances filed by Plaintiff. Lt. Bullock avers, "Mr. Torres filed several grievances during his detainment in the Bee County Jail. However,

Mr. Torres never exhausted his administrative remedies as required by the Bee County Jail Inmate Grievance Procedure as he never appealed the initial response to any grievance." (D.E. 24-1). He further avers that Plaintiff could have appealed any grievance in hand written format or on the electronic system either by tablet or on the video kiosk. Finally, Lt. Bullock avers that had Plaintiff filed an appeal, that action would have been documented and electronically stored at the Bee County Jail.

Defendant Jail Administrator Michael Page, who is the designated recipient of inmate grievance appeals, also averred in his initial affidavit that Plaintiff never appealed the initial response to any grievance. (D.E. 24-2). "In fact, he did not even express any desire to appeal any of his grievances to the appropriate jail personnel." (D.E. 24-2, Page 1). Mr. Page's affidavit also reiterates the ease and accessibility of the grievance appeal procedure available to Plaintiff. (D.E. 24-2).

Mr. Page's second affidavit, dated October 28, 2021, reiterates the testimony provided in his initial affidavit. Additionally, attached to Mr. Page's second affidavit are exhibits which include three grievance forms filed electronically by Plaintiff relating to the conditions of confinement at the Bee County Jail during the winter storm of 2021.

**D.     Plaintiff's Summary Judgment Evidence**

1. Plaintiff's verified Prisoner Civil Rights Complaint (D.E. 1);

2. Plaintiff's More Definite Statement (D.E. 8);

3. Plaintiff's Motion to Challenge and Quash Dismissal (D.E. 26);

4. Plaintiff's Response to Defendants' Document 27 (D.E. 27 is Defendants' Response To Plaintiff's Motion to Quash Defendants' Motion to Dismiss) (D.E. 28);

5. Plaintiff's submission regarding the order granting Plaintiff the opportunity to present all material pertinent to the instant motion (D.E. 34);

6. Plaintiff's handwritten copy of his grievance submitted on 2021-02-21 at 08:44 (D.E. 34-1)

In Plaintiff's Prisoner Civil Rights Complaint form, he checks "YES" indicating he exhausted all steps of the institutional grievance procedure. (D.E. 1, Page 3). On the Complaint form where Plaintiff is directed to attach a copy of the final step of the grievance procedure, Plaintiff writes, "Copies will not be afforded to me and some are electronic." (D.E. 1, Page 3).

Plaintiff states in his Motion to Quash Dismissal (D.E. 26, Page 7) that he had problems with accessing electronic grievances and that "Plaintiff brought the issues up verbally to Lt. Bullock, sent paper appeals to Sgt. Flores, and even had a verbal meeting on grievance issues in which Bullock, Flores, Page, and another employee of the Bee County Jail were present. If procedures of grievance procedure was not followed this meeting would have never took place. Yet no resolution came from this and further legal restrictions came from this . . ." (D.E. 26, Page 7). Plaintiff also states he had a conversation with Lt. Bullock on July 2, 2021, after the filing of the instant case, regarding Lt Bullock allegedly finding months old request forms from Plaintiff in Sgt. Flores's office. (D.E. 26, Page 9). Plaintiff maintains the lost forms show "either a deliberate attempt to hide forms or bad record keeping." (D.E. 26).

In Plaintiff's response to the undersigned's order directing the parties to submit additional material Plaintiff maintains he did file appeals in three ways: (1) by paper, (2) verbally, and (3) in electronic form on the kiosk. (D.E. 34).

**E.     Analysis**

Defendants have submitted evidence Plaintiff did not exhaust his administrative remedies. Defendants maintain there is no evidence he sought to appeal any grievance. However, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon*, 596 F.3d at 270-272. Defendants have not done so.

As an initial matter, Plaintiff maintained from the very beginning of this case, as set forth in his complaint, that he exhausted his administrative remedies. (D.E. 1, Page 3). Plaintiff's complaint is verified and is competent summary judgment evidence. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). Plaintiff's position on his exhausting administrative remedies has been consistent throughout his submissions and declarations. "Not only were many things filed electronically but also in paper form (such as request, grievances, and appeals ***note Plaintiff Prefers Paper form***) as to where my forms went and currently are I do not know for that is out of my control and copies were never given back as requested." (D.E. 28, Page 3)(emphasis added). Plaintiff's declarations also constitute competent summary judgment evidence. *Leggett v. Lafayette*, 608 Fed. Appx. 187, 190 (5th Cir. 2015) (citing *Ion v. Chevron USA Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013)). In

*Leggett*, the Fifth Circuit found the district court erred in failing to consider an inmate plaintiff's declarations as competent summary judgment evidence. *Leggett* at 190.

Despite not being asked, and on his own initiative, Plaintiff maintains in his complaint that he had difficulty obtaining copies. (D.E. 1, Page 2). "Copies will not be provided to me and some are electronic." (D.E. 1, Page 2). Plaintiff is consistent in his evidence that he was not provided copies of grievance forms. (D.E. 28, Page 3 & D.E. 34). Defendants have not contested that inmates in the Bee County Jail do not receive copies of their grievances or grievance appeals submitted in paper form. The refusal of officials at the Bee County Jail to provide inmates a copy of their paper grievances weighs in favor of Plaintiff on the issue of exhaustion because it provides an explanation why Plaintiff is unable to present to this Court a copy of his grievance appeal.

The undersigned finds Plaintiff's consistent reference to *some* of his grievances being submitted electronically is compelling evidence that other grievances were submitted in paper form. (D.E. 1, Page 2). In fact, as noted above, Plaintiff avers that he actually prefers to submit grievances in paper form. (D.E. 28, Page 3). Defendants' evidence wholly fails to address Plaintiff's claims that he made paper submissions of his grievances and appeals. Defendants also do not address Plaintiff's testimony that Lt. Bullock found lost paper grievances in Sgt. Flores's office months after those grievances had been submitted. (D.E. 26, Page 9).

The Court would expect that the Bee County Jail has a log or other record keeping system to document grievances submitted by inmates in paper form. If the log is accurately

13 / 17

maintained, the lack of documentation of receipt of an inmate grievance is strong evidence that a paper grievance or appeal was not submitted by Plaintiff. Such a log would be important summary judgment evidence. The Defendants have not submitted any evidence that the Bee County Jail has such a log or any other reliable system of documenting and processing grievances and grievance appeals submitted by inmates. If Bee County Jail maintains a system to document the receipt of inmate grievances received in paper form, that evidence should have been submitted to the Court. If the Bee County Jail does not maintain a system to document or log inmate grievances submitted in paper form, it should come as no surprise to Defendants that their motion for summary judgment will be denied, based on the evidence before the Court.

     Further, Plaintiff maintains the appeal of his grievance resulted in a meeting between himself and Lt. Bullock, Sgt. Flores, and Mr. Page to discuss his grievances about the conditions of confinement during the winter storm in February 2021. (D.E. 28, Pages 2-3 & D.E. Page 7). Plaintiff avers that "this meeting would have never occurred if exhaustion was never met." (D.E. 28, Page 2). If such a meeting occurred, it stands to reason that the meeting was a result of Plaintiff appealing the initial handling of his grievance. Defendants have submitted no evidence on whether this meeting occurred.

     The undersigned believes that the Bee County Jail having kiosks and making electronic notepads available to inmates to submit grievances, appeals of grievances, inmate requests, and other matters is commendable. The undersigned understands Defendants' evidence to be that had Plaintiff filed an appeal of any grievance

electronically, there would be a record of such transaction. However, as long as the Bee County Jail grievance policy allows for grievances to be submitted in paper form, the lack of evidence of an electronic submission will not be conclusive on the issue of exhaustion where the inmate-plaintiff maintains he submitted the appeal in paper form.

Additionally, the undersigned would have found it helpful to have a more thorough explanation about the process and instructions inmates are given to submit grievances and grievance appeals electronically. While the electronic system is commendable, there is arguably an inconsistency between the official inmate grievance procedure and the electronic kiosk procedure. For example, the official procedure instructs inmates, ". . . to file a grievance: you must send a written statement directly to the jail Sgt/Lt/Commander in a sealed envelope . . ." The official written policy is clear. The procedures and instructions to inmates regarding electronic submissions is less clear to the undersigned and is apparently inconsistent with the official policy because the official policy requires grievances to be submitted in paper form in a sealed envelope. The lack of clarity and inconsistencies are factors weighing against Defendants.

## V.     RECOMMENDATION

It is respectfully recommended the Court accept the undersigned's finding that the Defendants have not established beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor. Thus, it is recommended the Court **DENY** Defendants' Motion to Dismiss (D.E. 26), treated as a

motion for summary judgment. The undersigned further **RECOMMENDS** the Court **DENY as moot** Plaintiff's Motion to Quash.

Respectfully submitted on December 9, 2021.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).